**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| MICHELLE B.,[1] | : | Case No. 2:23-cv-4222 |
| | : | |
| Plaintiff, | : | District Judge Edmund A. Sargus |
| | : | Magistrate Judge Peter B. Silvain, Jr. |
| vs. | : | |
| | : | |
| COMMISSIONER OF THE SOCIAL | : | |
| SECURITY ADMINISTRATION, | : | |
| | : | |
| Defendant. | : | |
| | : | |

**REPORT AND RECOMMENDATIONS[2]**

Plaintiff Michelle B. brings this case challenging the Social Security Administration's denial of her applications for Disability Insurance Benefits and Supplemental Security Income. The case is before the Court upon Plaintiff's Statement of Errors (Doc. #8), the Commissioner's Memorandum in Opposition (Doc. #10), Plaintiff's Reply (Doc. #11), and the administrative record. (Doc. #7).

## I.  Background

The Social Security Administration provides Disability Insurance Benefits and Supplemental Security Income to individuals who are under a "disability," among other eligibility requirements. *Bowen v. City of New York*, 476 U.S. 467, 470 (1986); *see* 42 U.S.C. §§ 423(a)(1), 1382(a).  The term "disability" encompasses "any medically determinable physical or mental

---

[1] The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that, due to significant privacy concerns in social security cases, federal courts should refer to plaintiffs only by their first names and last initials. *See also* S.D. Ohio General Rule 22-01.

[2] Attached is a NOTICE to the parties regarding objections to this Report and Recommendations.

impairment" that precludes an applicant from performing "substantial gainful activity." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); *see Bowen*, 476 U.S. at 469-70.

In the present case, Plaintiff protectively filed her applications for Disability Insurance Benefits and for Supplemental Security Income on May 25, 2017, alleging disability due to several impairments, including depression, anxiety, PTSD, back and neck problems, and arthritis. (Doc. #7-6, *PageID* #368). After Plaintiff's applications were denied initially and upon reconsideration, she requested and received a hearing before Administrative Law Judge (ALJ) Deborah F. Sanders. On September 27, 2019, ALJ Sanders concluded that Plaintiff was not eligible for benefits because she was not under a "disability" as defined in the Social Security Act. (Doc. #7-2, *PageID #s* 66-89). After the Appeals Council denied review, Plaintiff filed a previous case in the United States District Court for the Southern District of Ohio, and this Court remanded the case to the Commissioner. *See [Michelle B.] v. Comm'r of Soc. Sec.*, No. 2:20-cv-5618, 2021 WL 5103940 (S.D. Ohio Nov. 3, 2021) (King, M.J.), *report and recommendation adopted*, No. 2:20-CV-5618, 2021 5416766 (S.D. Ohio Nov. 18, 2021) (Morrison, D.J.); (Doc. #7-10, *PageID #s* 1167-80). Upon remand, ALJ Noceeba Southern held a hearing via telephone and issued a written decision, addressing each of the five sequential steps set forth in the Social Security Regulations. *See* 20 C.F.R. §§ 404.1520, 416.920.[3] She reached the following main conclusions:

Step 1:    Plaintiff engaged in substantial gainful activity during the third and fourth quarter of 2022. However, there have been continuous 12-month periods during which Plaintiff did not engage in substantial gainful activity. The remaining findings address the periods Plaintiff did not engage in substantial gainful activity.

---

[3] The remaining citations will identify the pertinent Disability Insurance Benefits Regulations with full knowledge of the corresponding Supplemental Security Income Regulations.

Step 2:       She has the following severe impairments: degenerative disc disease of the cervical spine; osteoarthritis; obesity; and affective, anxiety, and trauma-related mental disorders.

Step 3:       She does not have an impairment or combination of impairments that meets or medically equals the severity of one in the Commissioner's Listing of Impairments, 20 C.F.R. Part 404, Subpart P, Appendix 1.

Step 4:       Her residual functional capacity, or the most she can do despite her impairments, *see Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 239 (6th Cir. 2002), consists of "light work … except she can occasionally climb ramps and stairs; never climb ladders, ropes, or scaffolds; occasionally stoop, kneel, crouch, and crawl; and occasionally reach overhead. She must avoid hazards, including moving machinery, heavy machinery, unprotected heights, and commercial driving. She can tolerate simple routine tasks with no fast-paced work or strict hourly production quotas or more than occasional changes or occasional decision [] making, all collectively designed to reduce stress. She can occasionally interact with coworkers but must avoid tandem work and shared work tasks. She can occasionally interact with the public but must avoid customer service work. She requires positions where changes are well explained in advance. She requires a sit/stand option to sit for 2 to 3 minutes every hour while remaining on task. She would be off task up to 5% of the workday due to pain, possible medication side effects, and anxiety."

              She is unable to perform her past relevant work.

Step 5:       Considering her age, education, work experience, and residual functional capacity, she has been able to perform a significant number of jobs in the national economy.

(Doc. #7-9, *PageID* #s 1078-94). Based on these findings, the ALJ concluded that Plaintiff has not been under a disability, as defined in the Social Security Act, from August 15, 2015, though the date of the decision, September 29, 2023. *Id.* at 1094.

The evidence of record is adequately summarized in the ALJ's decision (Doc. #7-9, *PageID* #s 1075-94), Plaintiff's Statement of Errors (Doc. #8), the Commissioner's Memorandum

in Opposition (Doc. #10), and Plaintiff's Reply (Doc. #11). To the extent that additional facts are relevant, they will be summarized in the discussion section below.

## II.  Standard of Review

Judicial review of an ALJ's decision is limited to whether the ALJ's finding are supported by substantial evidence and whether the ALJ applied the correct legal standards. *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (citing *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)); *see Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 745-46 (6th Cir. 2007). Substantial evidence is such "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Gentry v. Comm'r of Soc. Sec.*, 741 F.3d 708, 722 (6th Cir. 2014) (citing *Rogers v. Comm'r of Soc. Sec.,* 486 F.3d 234, 241 (6th Cir. 2007)). It is "less than a preponderance but more than a scintilla." *Id.*

The second judicial inquiry—reviewing the correctness of the ALJ's legal analysis—may result in reversal even if the ALJ's decision is supported by substantial evidence in the record. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009). Under this review, "a decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen*, 478 F.3d at 746 (citing *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 546-47 (6th Cir. 2004)).

## III.  Discussion

In her sole assignment of error, Plaintiff argues that "the ALJ violated 20 C.F.R. § 404.1520c during the evaluation of Dr. Scott's treating source opinions." (Doc. #8, *PageID* #s 1700-05) (capitalization omitted).

In response, the Commissioner maintains that the ALJ adequately evaluated Dr. Scott's opinion pursuant to the regulations and reasonably found it only somewhat persuasive.  (Doc. #10, *PageID* #s 1713-20).

### A.  Evaluation of Dr. Scott's Opinion

Since Plaintiff filed her applications after March 27, 2017, they are governed by the relatively new regulations describing how evidence is categorized, considered, and articulated when a residual functional capacity ("RFC") is assessed.  *See* 20 C.F.R. §§ 404.1513(a), 404.1520c (2017).  A plaintiff's RFC is an assessment of "the most [a plaintiff] can still do despite [her] limitations."  20 C.F.R. § 404.1545(a)(1) (2012).  A plaintiff's RFC assessment must be based on all the relevant evidence in her case file.  *Id.*  The governing regulations describe five different categories of evidence: (1) objective medical evidence, (2) medical opinions, (3) other medical evidence, (4) evidence from nonmedical sources, and (5) prior administrative medical findings. 20 C.F.R. § 404.1513(a)(1)–(5).  Regarding two of these categories—medical opinions and prior administrative findings—an ALJ is not required to "defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative finding(s) including those from [Plaintiff]'s medical sources."  20 C.F.R. § 404.1520c(a).  Instead, an ALJ must use the following factors when considering medical opinions or administrative findings: (1) "[s]upportability"; (2) "[c]onsistency"; (3) "[r]elationship with [Plaintiff]"; (4) "[s]pecialization"; and (5) other factors, such as "evidence showing a medical source has familiarity with the other evidence in the claim or an understanding of [the Social Security Administration's] disability programs policies and evidentiary requirements."  20 C.F.R. § 404.1520c(c)(1)–(5).

5

Supportability and consistency are the most important of the five factors, and the ALJ must explain how they were considered.  20 C.F.R. § 404.1520c(b)(2).  When evaluating supportability, the more relevant the objective medical evidence and supporting explanations presented by a medical source are to support the medical opinion, the more persuasive the ALJ should find the medical opinion.  20 C.F.R. § 404.1520c(c)(1).  When evaluating consistency, the more consistent a medical opinion is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the ALJ should find the medical opinion.  20 C.F.R. § 404.1520c(c)(2).  An ALJ may discuss how he or she evaluated the other factors but is generally not required to do so.  20 C.F.R. § 404.1520c(b)(2).

While these new regulations are more relaxed than the former rules governing the evaluation of medical opinions, "they still require that the ALJ provide a coherent explanation of [her] reasoning." *Lester v. Saul*, No. 5:20-CV-01364, 2020 WL 8093313, at *14 (N.D. Ohio Dec. 11, 2020), *report and recommendation adopted sub nom. Lester v. Comm'r of Soc. Sec.*, No. 5:20CV1364, 2021 WL 119287 (N.D. Ohio Jan. 13, 2021).  At bottom, the new regulations "set forth a 'minimum level of articulation' to be provided in determinations and decisions, in order to 'provide sufficient rationale for a reviewing adjudicator or court.'" *Warren I. v. Comm'r of Soc. Sec.*, No. 5:20-CV-495 (ATB), 2021 WL 860506, at *8 (N.D.N.Y. Mar. 8, 2021) (quoting 82 Fed. Reg. 5844-01, 5858 (January 18, 2017)).  An "ALJ's failure to meet these minimum levels of articulation frustrates [the] court's ability to determine whether [the plaintiff's] disability determination was supported by substantial evidence." *Id.*

In addition to the medical records submitted from his treatment of Plaintiff, Dr. Scott completed a medical source statement in May 2019, where he answered questions regarding

Plaintiff's mental abilities and limitations. (Doc. #7-8, *PageID* #s 978-80). Dr. Scott reported that he had treated Plaintiff since February 2018. *Id.* at 980. He opined that Plaintiff would have moderate limitations in several areas of social interaction, including in her ability to accept instruction from or respond appropriately to criticism from supervisors or superiors. *Id.* at 978. However, he found she had a marked limitation in her ability to relate to the general public and maintain socially appropriate behavior, noting that she can function independently with respect to social functioning but was limited by her psychiatric conditions when in social situations. *Id.* He further found she had no more than moderate limitations in sustained concentration and persistence and no more than moderate limitations in adaptation. *Id.* at 979-80. Dr. Scott also opined that Plaintiff was likely to have two or more partial or full day unscheduled absences from work per month due to the diagnosed conditions and/or side effects of medication. *Id.* at 980. He concluded that Plaintiff has trouble functioning adequately in social situations and that her condition is likely to deteriorate if she is placed under stress, particularly the stress of a full-time job. *Id.* at 980.

Upon her review, ALJ Southern found Dr. Scott's opinion to be only somewhat persuasive. (Doc. #7-9, *PageID* #1091). The ALJ determined that Dr. Scott's findings regarding moderate work-related limitations were generally supported by his treatment history, but he failed to articulate clear, detailed mental work-related abilities and limitations. *Id.* Furthermore, the ALJ found that Dr. Scott's opinion that Plaintiff had marked impairment in her ability to relate to the general public and maintain socially appropriate behavior and his conclusion that she would be absent two or more partial or whole days a month due to her social functioning deficits were not supported. *Id.* She explained that Dr. Scott cited to no specific treatment observations or notes in support, other than brief statements that Plaintiff had "trouble functioning adequately in social

7

situations" and was "limited by her psychiatric conditions when in social interactions," though she could "function independently." *Id.* (citing Doc. #7-8, *PageID* #s 978-80). The ALJ also noted that, "despite Plaintiff often being irritable, she was able to attend numerous medical and mental health visits for treatment and generally participated in such treatment with no significant issues doing so, and certainly without flipping out, crying, and hollering on any persistent basis." *Id.* Finally, the ALJ concluded that the updated record did not support the suggestion that any of Plaintiff's moderate limitations would be work preclusive. *Id.*

Plaintiff argues that the ALJ erred in her evaluation of Dr. Scott's opinion. (Doc. #8, *PageID* #s 1702-05). Specifically, Plaintiff asserts that the ALJ erred in her omission of Dr. Scott's moderate limitations from Plaintiff's RFC. *Id.* at 1702-03. Additionally, Plaintiff asserts that the ALJ failed to provide a sufficient supportability and consistency analysis for her determination regarding Dr. Scott's marked limitation. *Id.* at 1703-05. The Commissioner disagrees, asserting that "[t]he ALJ adequately evaluated Dr. Scott's opinion pursuant to the regulations and reasonably found it only somewhat persuasive … the residual functional capacity was based on all of the evidence in the record …." (Doc. #10, *PageID* #1710).

As noted above, Dr. Scott opined that Plaintiff would have a moderate limitation[4] in her ability to accept instruction from or respond appropriately to criticism from supervisors or superiors. (Doc. #7-8, *PageID* #978). Although the ALJ indicated that she found Dr. Scott's opinion regarding Plaintiff's moderate restrictions "generally supported by his treatment history" and "generally consistent with the above summarized updated record," the ALJ did not include a

---

[4] The medical source statement defines moderate limitations as "unable to function in this area from 11% to 25% of the workday or work week." (Doc. #7-8, *PageID* #978).

limitation in Plaintiff's RFC that addressed her interaction with supervisors or superiors.  (Doc. #7-9, *PageID* #s 1081-82).  Notably, the ALJ did include social interaction limitations for Plaintiff's interactions with coworkers and the public, limiting her to occasional interactions with both.  *Id*.  Accordingly, the undersigned finds that Dr. Scott's opined moderate limitation of Plaintiff's ability to accept instruction from or respond appropriately to criticism from supervisors or superiors was not incorporated into Plaintiff's RFC.

Yet, the ALJ is not required to adopt a medical opinion verbatim.  *Reeves v. Comm'r of Soc. Sec.*, 618 F. App'x 267, 275 (6th Cir. 2015)); *see also Poe v. Comm'r of Soc. Sec.*, 342 F. App'x 149, 157 (6th Cir. 2009) ("Although the ALJ may not substitute [her] opinion for that of a physician, [she] is not required to recite the medical opinion of a physician verbatim in [her] residual functional capacity finding.").  However, when the ALJ finds a physician's opinion to be "somewhat persuasive" and indicates that she has adopted the physician's opinions, she must incorporate the opined limitations or provide an explanation for declining to do so.  *See Wood v. Comm'r of Soc. Sec.*, No. 3:18-CV-76, 2019 WL 1614591, at *3 (S.D. Ohio Apr. 16, 2019), *report and recommendation adopted,* No. 3:18-CV-76, 2019 WL 1958663 (S.D. Ohio May 2, 2019) ("the ALJ must meaningfully explain why certain limitations are not included in the RFC determination, especially when, as here, such limitations are set forth in an opinion the ALJ weighs favorably."); *Cooper v. Comm'r of Soc. Sec.*, No. 2:18-CV-67, 2018 WL 6287996, at *5 (S.D. Ohio Dec. 3, 2018), *report and recommendation adopted,* No. 2:18-CV-67, 2019 WL 95496 (S.D. Ohio Jan. 3, 2019) (citing *Queen v. Comm'r of Soc. Sec.*, No. 2:16-cv-1082, 2017 WL 6523296, at *9-10 (S.D. Ohio Dec. 21, 2017) (remanding where the ALJ "failed to include at least one limitation" from an opinion he had assigned great weight without explaining the omission)).

9

Here, although the ALJ found Dr. Scott's opinion regarding Plaintiff's moderate limitations persuasive, she did not include a limitation regarding Plaintiff's interaction with supervisors in her RFC assessment. Further, the ALJ's reasons for rejecting Dr. Scott's opined marked limitation fail to adequately explain why she omitted Dr. Scott's opined moderate limitation of Plaintiff's interaction with supervisors or superiors.  The ALJ's failure to provide such an explanation requires remand because it prevents this Court from conducting meaningful review to determine whether substantial evidence supports her decision.  *See Reynolds v. Comm'r of Soc. Sec.*, 424 F. App'x 411, 414 (6th Cir. 2011) (noting that an ALJ's decision "must include a discussion of 'findings and conclusions, and the reasons or basis therefor, on all the material issues of fact, law, or discretion presented on the record.'" (quoting 5 U.S.C. § 557(c)(3)(A))); *Allen v. Astrue*, No. 5:11CV1095, 2012 WL 1142480, at *8 (N.D. Ohio Apr. 4, 2012) (remanding where "the ALJ failed to properly articulate the RFC calculation," explaining that the Court was "unable to trace the path of the ALJ's reasoning"); *Commodore v. Astrue*, No. 10-295, 2011 WL 4856162, at *4, 6 (E.D. Ky. Oct. 13, 2011) (remanding action "with instructions to provide a more thorough written analysis," where the ALJ failed to articulate the reasons for his RFC findings such that the Court could not "conduct a meaningful review of whether substantial evidence supports the ALJ's decision"); *Cote v. Colvin*, No. 16-CV-57-SLC, 2017 WL 448617, at *7 (W.D. Wis. Feb. 2, 2017) (requiring the ALJ to "build a logical bridge between the evidence and any social functioning limitations that he chooses to include in the residual functional capacity assessment").

Accordingly, for the above reasons, the undersigned recommends that this matter be remanded.[5]

## B.      Remand

A remand is appropriate when the ALJ's decision is unsupported by substantial evidence or when the ALJ failed to follow the Administration's own regulations and that shortcoming prejudiced the plaintiff on the merits or deprived the plaintiff of a substantial right. *Bowen*, 478 F.3d at 746. Remand may be warranted when the ALJ failed to provide "good reasons" for rejecting a treating medical source's opinions, *see Wilson*, 378 F.3d at 545-47; failed to consider certain evidence, such as a treating source's opinions, *see Bowen*, 478 F.3d at 747-50; failed to consider the combined effect of the plaintiff's impairments, *see Gentry*, 741 F.3d at 725-26; or failed to provide specific reasons supported by substantial evidence for finding the plaintiff lacks credibility, *see Rogers*, 486 F.3d at 249.

Under sentence four of 42 U.S.C. § 405(g), the Court has authority to affirm, modify, or reverse the Commissioner's decision "with or without remanding the cause for rehearing." *Melkonyan v. Sullivan*, 501 U.S. 89, 99 (1991). Consequently, a remand under sentence four may result in the need for further proceedings or an immediate award of benefits. *E.g., Blakley*, 581 F.3d at 410; *Felisky v. Bowen*, 35 F.3d 1027, 1041 (6th Cir. 1994). The latter is warranted where the evidence of disability is overwhelming or where the evidence of disability is strong while contrary evidence is lacking. *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994).

---

[5] In light of the above discussion, and the resulting need to remand this case, an in-depth analysis of Plaintiff's other challenges to the ALJ's decision is unwarranted.

A judicial award of benefits is unwarranted in the present case because the evidence of disability is not overwhelming and the evidence of disability is not strong while contrary evidence is lacking. However, Plaintiff is entitled to a remand to the Social Security Administration pursuant to sentence four of § 405(g) due to the problems discussed above. On remand, the ALJ should be directed to evaluate the evidence of record, including the medical source opinions, under the applicable legal criteria mandated by the Commissioner's Regulations and Rulings and by case law; and to evaluate Plaintiff's disability claim under the required five-step sequential analysis to determine anew whether Plaintiff was under a disability and whether her applications for Disability Insurance Benefits and Supplemental Security Income should be granted.

## IT IS THEREFORE RECOMMENDED THAT:

1.      The Commissioner's non-disability finding be vacated;

2.      No finding be made as to whether Plaintiff was under a "disability" within the meaning of the Social Security Act;

3.      This matter be **REMANDED** to the Social Security Administration under sentence four of 42 U.S.C. § 405(g) for further consideration consistent with this Decision and Entry; and

4.      The case be terminated on the Court's docket.


January 24, 2025                            *s/ Peter B. Silvain, Jr.*
                                            Peter B. Silvain, Jr.
                                            United States Magistrate Judge


12

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to **SEVENTEEN** days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947, 949-50 (6th Cir. 1981).